Ryersoít, J.
I concur in the reversal of this judgment; chiefly for the defect in the return to the process of summons and venire. The statute requires the return to be entered on the Justice’s docket. And as thus entered, it is without the sheriff’s signature. This is a defect, either in the return, or record thereof; and is fatal. Rev. Laws, 240 Sec. 17; ib. 352; Sec. 16—7 Hal. 186, Prickett v. Prickett.
Nor has the sheriff shown the manner of the service, as was insisted, he should have d'one. But on this point I intimate no opinion.
It was also objected on the argument, that the estate as set out in the complaint, and as proved on the trial, are variant. But I do not perceive how we can reverse for this cause. Any evidence of the complainant’s estate, ought not to be received by the Justice, by express direction of the statute. Whatever entry therefore, of such evidence was given, was surplusage. And should not vitiate the judgment, when it was not objected to on the trial, and does not appear to have injured the defendant.
fSTor am I certain that the expression messuage, or dwelling house, as used in the complaint, are fatal: But the words may be considered as merely synonymous and tautological. But the judgment itself, being for more than was demanded, is fatally erroneous.

Judgment reversed.

Cited in Townly v. Rutan, Spencer 607; Drake v. Newton, 3 Zab. 112.